UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TERESA COHEN-CHANEY,       )   | | |
| *Plaintiff*,       ) | | |
|         ) | | |
| *vs.*       ) | 1:10-cv-0400-JMS-TAB | |
|         ) | | |
| NATIONAL RAILROAD PASSENGER CORP.,       ) | | |
| *Defendant.*       ) | | |

### ORDER ON DEFENDANT'S BILL OF COSTS

Presently pending before the Court is Defendant National Railroad Passenger Corporation's (the "Railroad") Bill of Costs requesting $2,503.96. [Dkt. 75.] In response to the Railroad's Bill of Costs, *pro se* Plaintiff Teresa Cohen-Chaney submitted an "extraordinarily voluminous submission" that the Court was required to parse through to determine the relevancy of the documents, if any, to the Railroad's request. [Dkt. 86.] After reviewing the documents, the documents the Court deemed relevant to ruling on the pending motion were docketed, [dkt. 87], and the Railroad was given the opportunity to respond to Ms. Cohen-Chaney's submission, [dkt. 91]. The matter is now fully briefed.

**I.**
**APPLICABLE STANDARD**

The Court granted summary judgment in favor of the Railroad and against Ms. Cohen-Chaney on all of Ms. Cohen-Chaney's claims against the Railroad. [Dkts. 69; 72.] No appeal was taken. Therefore, it is undisputed that the Railroad is the winning party and Ms. Cohen-Chaney is the losing party in this litigation.

Under Federal Rule of Civil Procedure 54(d), the Court has discretion to tax the costs enumerated in 28 U.S.C. § 1920 against the losing party in an action, and a "strong presumption" exists that the Court will do so. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir.

1997) (citation omitted). The losing party "bears the burden of an affirmative showing that the taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). "The process for awarding court costs is intended to be summary." *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008). The district court should not resolve arguments the losing party makes regarding the winning party's strategy in litigating the case and how it could have lowered its costs. *Id.*

## II.
### DISCUSSION

### A. Arguments Regarding the Underlying Litigation

A majority of Ms. Cohen-Chaney's opposition to the Railroad's Bill of Costs contains arguments that either attempt to relitigate the merits of the underlying case, express her dissatisfaction with her former attorney's representation, or suggest ways that the Railroad could have reduced its costs. For example, Ms. Cohen-Chaney contends that her case had merit and details various inadequacies she perceives with the evidence the Railroad presented on summary judgment. [Dkt. 88 at 1-3.] She also presents numerous faults she has with her former attorney's representation and contends, for example, that he allegedly did not convey the Railroad's settlement offer to her, did not involve her in the preparation of the joint case management plan, and did not object when her deposition exceeded seven hours or when the Railroad did not timely respond to discovery requests. [*Id.* at 4, 7-8.] Finally, Ms. Cohen-Chaney suggests various ways the Railroad could have reduced its costs, such as by participating in mediation, conducting a telephonic deposition of Ms. Cohen-Chaney instead of an in-person deposition, having a Railroad employee transcribe instead of hiring a court reporter, and only requesting the relevant portions of Ms. Cohen-Chaney's medical files. [*Id.* at 3, 5-7.]

The Court will not address the merits of Ms. Cohen-Chaney's arguments detailed above. Again, the process for awarding court costs "is intended to be summary." *Extra Equipamentos*, 541 F.3d at 727.  The Seventh Circuit Court of Appeals has expressly held that the Court should not resolve arguments the losing party makes regarding the winning party's strategy and how it could have reduced its costs.  *Id.*  Likewise, the Court will not address the merits of Ms. Cohen-Chaney's underlying claims or the deficiencies she now sees with the Railroad's evidence on summary judgment because she already had an opportunity to respond to the Railroad's summary judgment motion, and the Court addressed the merits of the arguments she presented when ruling on that motion.  [Dkts. 69; 72.]  To the extent Ms. Cohen-Chaney argues that she was not given the opportunity to assist her former attorney in opposing summary judgment[1] or in participating in other aspects of the underlying litigation, the actions or inactions of Ms. Cohen-Chaney's former attorney are not at issue in this litigation, and the Court will not consider those arguments in ruling on the Railroad's Bill of Costs.

**B. Hardship**

Ms. Cohen-Chaney argues that the Court should consider the hardship that a $2,503.96 award of costs would cause her because her "finances have drastically decreased" and she contends that she is "unable to pay this fee . . . on a fixed income." [Dkt. 88 at 3-4.]  In support of this contention, Ms. Cohen-Chaney presents evidence of her monthly bills and her out-of-pocket

---

[1] The Court notes that Ms. Cohen-Chaney designated an affidavit containing various exhibits in response to the Railroad's summary judgment motion, [dkt. 57-1]; therefore, it appears that she did participate in responding to that motion.

medical expenses and argues that this evidence shows that she is indigent.[2]  [Dkts. 88-5 to 88-12.]

"Indigence does not automatically excuse the losing party from paying the prevailing party's costs."  *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006).  Instead, it is a "narrow exception" and "not a blanket excuse for paying costs."  *Id.* at 635-36.  To deny a petition for costs because of the losing party's indigency, the Court "must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future."  *Id.* at 635.  The burden is on the losing party to provide the district court with sufficient documentation to support that finding.  *Id.*  Even a finding of indigency does not necessarily relieve a party from paying court-imposed costs.  *See McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994) (affirming a costs award over $3,000 on a state prisoner, despite his account averaging $75 a month and the district court's finding that he was indigent, noting that "non-indigent litigants must consider the relative merits of their lawsuit against the pain an unsuccessful suit might inflict on their pocketbook").

Ms. Cohen-Chaney receives railroad retirement benefits of $2,613.54 each month.  [Dkt. 88-4 at 2.]  She submitted a chart showing that her monthly expenses are $2,676.97.  [Dkt. 88-5 at 2.]  As the Railroad points out, however, these proffered "monthly" expenses include the full amount of one-time tax payments that Ms. Cohen-Chaney owes to the federal and state governments (approximately $379 to each), as well as $261 in a monthly donation to her church, [*id.*].  If you subtract Ms. Cohen-Chaney's one-time tax obligations from her proffered monthly expenses, however, Ms. Cohen-Chaney's actual monthly expenses are $1,918.98.  Based on these

---

[2] While Ms. Cohen-Chaney presented evidence of the amount she paid her former attorney to represent her in this action, [dkt. 88-3], that evidence shows that she has already paid that amount and that it is not an ongoing expense to be taken into consideration regarding Ms. Cohen-Chaney's ability to pay a costs award that the Court may impose.

numbers, Ms. Cohen-Chaney has a monthly surplus of almost $700. While this would not be enough for her to pay off the $2,503.96 of costs the Railroad requests in one month, the Railroad "is willing to establish a payment plan for whatever costs this Court assesses against [Ms. Cohen-Chaney] in order to accommodate [her] other financial obligations." [Dkt. 91 at 3.] Therefore, the Court concludes that Ms. Cohen-Chaney has failed to make a threshold showing that she is indigent for purposes of paying the Railroad's requested costs.

### C. Copying Costs

Ms. Cohen-Chaney argues that the Railroad improperly seeks various copying costs. First, Ms. Cohen-Chaney challenges the Railroad's request for $339.76 for copying the documents she produced to it to add identification numbers.[3] [Dkt. 88 at 7.] Second, Ms. Cohen-Chaney argues that the Railroad should not be allowed to recover the costs for making two copies of various filings it identified in Schedule C of its bill, [dkt. 75-2 at 2-5], because the Railroad "does not specify who received copies," [dkt. 88 at 7.] Finally, Ms. Cohen-Chaney argues that the Railroad should not receive copying costs for the duplicate copies of certain documents it produced to her during discovery. [Dkt. 88 at 9.]

While a prevailing party must enable the Court to conduct a meaningful review, it need not "submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). "Two copies of every document filed with the court or provided to opposing counsel makes sense; it is easy to see why each is useful." *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000).

---

[3] The Court believes that Ms. Cohen-Chaney is referring to what are commonly known as Bates numbers.

The Court rejects Ms. Cohen-Chaney's arguments regarding the Railroad's copying costs for the following reasons. First, as the Seventh Circuit Court of Appeals has held, two copies of documents filed with the Court or produced during discovery is reasonable; therefore, those costs are allowed. *Kulumani*, 224 F.3d at 685. Moreover, the Court understands why the Railroad would make a copy of Ms. Cohen-Chaney's document production to add Bates numbers so that the documents could be easily referenced by counsel. And there is no requirement that to recover copying costs, the prevailing party must identify for whom each copy was made. As for the duplicates the Railroad made in its production to Ms. Cohen-Chaney, the Railroad correctly notes that the Federal Rules of Civil Procedure require it to produce requested documents as they are kept in the usual course of business. Fed. R. Civ. Pro. 34(b)(2)(E)(i). Because the Railroad was required to produce a job file and an Equal Opportunity Office file in response to discovery requests regarding Ms. Cohen-Chaney's failure-to-promote claim, it had to make duplicate copies of some of the same documents for its production.

For these reasons, the Court finds the Railroad's copying costs to be necessary and reasonable to defend Ms. Cohen-Chaney's multi-count employment discrimination claim.

### III.
#### CONCLUSION

For the reasons detailed herein, the Court overrules Ms. Cohen-Chaney's objections to the Railroad's Bill of Costs. Therefore, the Clerk is directed to tax the requested amount of costs in accordance with Federal Rule of Civil Procedure 54(d)(1). [Dkt. 75.]

08/17/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via Mail:**

TERESA COHEN-CHANEY
4212 Shadeland Ave., #3
Indianapolis, IN 46226


**Distribution via ECF only:**

All ECF-registered counsel of record via email